UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMALGAMATED TRANSIT UNION
and AMALGAMATED TRANSIT
UNION, LOCAL 836,                                              Case No. 1:15-cv-855

       Plaintiffs,                                          HON. JANET T. NEFF

v

INTERURBAN TRANSIT
PARTNERSHIP d/b/a THE RAPID,

       Defendant.

_____/

## TEMPORARY RESTRAINING ORDER

Plaintiffs Amalgamated Transit Union (ATU), an international union representing transit and allied workers, and ATU Local 836, a local union that serves as the exclusive representative of all non-supervisory employees of the Defendant Interurban Transit Partnership d/b/a The Rapid (ITP), brought this suit on August 24, 2015 with the filing of a Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their rights to freedom of speech and freedom of association under the First Amendment of the United States Constitution.  Now pending before the Court is Plaintiffs' August 25, 2015 Motion for Temporary Restraining Order (Dkt 3).  Counsel for Defendant has filed an appearance in this case but not yet a response to the motion.

Plaintiffs seek to enjoin ITP "from prohibiting or interfering with the distribution of the informational leaflets like the leaflet attached as Exhibit A to the supporting Memorandum of Law in the outside area around the Rapid Central Station, and from imposing discipline on persons for handing out or distributing such informational leaflets to the public" (Dkt 3 at 1).  Plaintiffs assert that their

motion requires expedited consideration because (1) ITP is threatening the representatives of the plaintiff locals with arrest for engaging in such peaceful leafleting outside of the Rapid Central Station, and (2) the motion concerns speech of particular relevance during the pendency of ongoing negotiations between the parties that may end in a matter of days (*id.* at 1-2).

To determine whether to issue a temporary restraining order, a district court considers (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury absent injunctive relief; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four considerations are factors to be balanced together, not prerequisites that must be satisfied. *Id.* (citation omitted). Further, "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the stay." *Id.*

The likelihood-of-success-on-the-merits consideration is the determinative factor in assessing a potential violation of the First Amendment. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). The Supreme Court has adopted a forum analysis as a means of determining when the government's interest in limiting the use of its property to its intended purpose outweighs the interest of those wishing to use the property for other purposes. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985). The extent to which the government can control access depends on the nature of the relevant forum. *Id.* Because a principal purpose of traditional public forums is the free exchange of ideas, speakers can be excluded from a public forum only when the exclusion is necessary to serve a compelling state interest and the exclusion is narrowly drawn to achieve that interest. *Id.* Similarly, when the government has intentionally designated a place or means of communication as a

public forum, speakers cannot be excluded without a compelling governmental interest. *Id.* Access to a nonpublic forum, however, can be restricted as long as the restrictions are "reasonable and [are] not an effort to suppress expression merely because public officials oppose the speaker's view." *Cornelius, supra* (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)).

Plaintiffs argue that the open area of Rapid Central Station is a traditional public forum because it is not an indoor bus terminal but a bus stop, "functionally equivalent to any other bus stop, on a city sidewalk, along a city street" (Dkt 4 at 1). Plaintiffs argue that there is a presumptive First Amendment right of access to the public property of a transit authority, especially where that access has occurred in the past (*id.* at 2, citing *United Food and Commercial Workers Union, Local 1099 v. Southwest Ohio Reg. Transit Authority* (hereinafter "Southwest Ohio"), 163 F.3d 341 (6th Cir. 1998)). Plaintiffs argue that even if the open area of Rapid Central Station is not a traditional public forum, the outside area is a designated public forum because "ITP has consistently allowed speech and leafleting for candidates and their causes" (Dkt 4 at 2). Last, Plaintiffs argue that even if the open area of Rapid Central Station is a non-public forum, the ban would still be unconstitutional as it singles out one type of pro-union message, in violation of both the First Amendment and the Equal Protection Clause (*id.*). According to Plaintiffs, it is highly unlikely that ITP can show a compelling state purpose for singling out just this one ad (*id.*).

Having reviewed the Complaint and motion papers in this case, the Court agrees that Plaintiffs have shown that their claims provide fair grounds for litigation. With regard to the factor of irreparable injury, "it is well-settled that 'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id.* (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality)). And "it is always in the public interest to prevent the violation of a party's constitutional

rights." *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994).  In sum, the balance of the factors weighs in favor of protecting Plaintiffs from the threat of arrest and interference until this Court hears from the parties on the propriety of a preliminary injunction and has the benefit of a more complete record.

The Court waives the security requirement of FED. R. CIV. P. 65(c).  *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("While ... the language of Rule 65(d) appears to be mandatory, and many circuits have so interpreted it, the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security.").

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (Dkt 3) is GRANTED, and Defendant is ENJOINED from "prohibiting or interfering with the distribution of the informational leaflets like the leaflet attached as Exhibit A to the supporting Memorandum of Law in the outside area around the Rapid Central Station, and from imposing discipline on persons for handing out or distributing such informational leaflets to the public."

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of the Complaint and Summons on Defendant not later than the close of business today, Tuesday, August 25, 2015, and file a Proof of Service of the same.

**IT IS FURTHER ORDERED** that Defendant shall file a Response to Plaintiffs' Motion for Temporary Restraining Order (Dkt 3) not later than the close of business on Wednesday, August 26, 2015.

**IT IS FURTHER ORDERED** that a hearing is scheduled for <u>Thursday, August 27, 2015 at 1:30 p.m.</u> before the Honorable Janet T. Neff, 401 Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.  All counsel of record shall be present in person and shall be prepared to argue why a Preliminary Injunction should not be issued for the pendency of this case.


Date: August 25, 2015                                   <u>     /s/ Janet T. Neff          </u>
                                                       JANET T. NEFF
                                                       United States District Judge